In the District Court of the United States
For the District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| **John Walker, #267588**, | ) |
| Petitioner, | ) Civil Action No. 9:08-0241-TLW-GCK |
| | ) |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| **Jon Ozmint, Director SCDC and Warden** | ) **OF THE MAGISTRATE JUDGE** |
| **of McCormick Correctional Institution,** | ) |
| | ) |
| Respondents. | ) |

## I.    INTRODUCTION

The Petitioner, John Walker ("Petitioner" or "Walker"), a state prisoner proceeding without the assistance of counsel, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254.  By definition, the relief which he seeks must be based upon a finding that he is being illegally detained in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c)(3).  This case is before the undersigned United States Magistrate Judge pursuant to the provisions of Title 28, United States Code Section 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  The above-named Respondents have filed a motion for summary judgment.  [10]  As this is a dispositive motion, the Report and Recommendation is submitted for review by the District Court.[1]

## II.    *PRO SE* PETITION

Walker is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied, Leeke v. Gordon*, 439 U.S. 970

---

[1]  On page 1 of the Petition, Petitioner lists the Greenwood County Detention enter as the place of confinement.  However, the Greenwood County Detention Center is not part of the South Carolina Department of Corrections.

(1978). Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition herein pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, Title I, § 104, 110 Stat. 1214. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *and Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir.1975). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990). Such is the case with the present Petition.

### III.    PROCEDURAL HISTORY IN STATE COURT

#### A.  Proceedings in the Court of General Sessions

The Dorchester County Grand Jury indicted Walker at the November 1999 term of court for armed robbery (99-GS-18-1249).  Attorney Gene Dukes represented Walker on this charge. On June 27-28, 2000, Walker received a jury trial before the Honorable Jackson V. Gregory. The jury found him guilty and Judge Gregory sentenced him to twenty four years imprisonment. (App. pp. 1-184).  Walker did not appeal his conviction or sentence.

#### B.  Walker's Application for Post-Conviction Relief

On May 1, 2001, Walker filed his *pro se* application for post-conviction relief (the "APCR").  In his APCR, he raised three claims:

(A)    Ineffective assistance of counsel [at sentencing];

(B)    Unconstitutional sentence; and

(C)    Ineffective assistance of counsel after sentencing.

He then filed a Notice of Motion and Motion for Judgment on the Pleadings or Summary Judgment, together with an Affidavit of Default.  (App. pp. 236-39).  The State filed its Return on March 25, 2004.  (App. pp. 240-43).  An evidentiary hearing in the matter was held before the Honorable B. Hicks Harwell, Jr., on November 7, 2005.  Walker was present and represented by G. W. Parker, Esquire.  Respondent was represented by Paula S. Magargle, Esquire, Assistant Attorney General for the State of South Carolina.  The State presented the testimony of trial counsel, Mr. Dukes.  (App. pp. 244-88).  On December 12, 2005, the PCR judge issued an Order of Dismissal in which he denied relief and dismissed the Application with prejudice.  The Order of Dismissal addressed Walker's claims that trial counsel was ineffective because (1) he failed to meet with Walker and adequately investigate his case and (2) failed to object to the Solicitor's mention of Walker's post silence arrest; (3) failed to request a charge of the lesser included offense of strong armed robbery; and (4) failed to perfect an appeal.  (App. pp. 289-95).

Petitioner timely appealed to the Supreme Court of South Carolina and was represented by Deputy Chief Attorney Robert M. Pachak, of the South Carolina Office of Appellate Defense in collateral appellate proceedings.  On July 14, 2006, Mr. Pachak filed a *Johnson* Petition[2] for Writ of Certiorari on Petitioner's behalf.  The issues presented in the *Johnson* Petition for Writ of Certiorari were stated as follows:

   1.   Whether Petitioner knowingly and intelligently waived his right to a direct appeal?

   2.   Whether defense counsel was ineffective in failing to request a jury charge on strong armed robbery as a lesser included offense of armed robbery?

   3.   Whether defense counsel was ineffective in failing to object to the Solicitor's cross-examination of Petitioner over his post-arrest silence?

(Petition for Writ of Certiorari at p. 2).

The State filed its Return to Petition for Writ of Certiorari on November 27, 2006.  On October 18, 2007, the Supreme Court of South Carolina denied certiorari.  On November 5, 2007, the state court issued the Remittitur to the Aiken County Clerk of Court.

## IV.  FEDERAL COURT HISTORY

Walker is presently incarcerated in the South Carolina Department of Corrections' ("SCDC's") McCormick Correctional Institution.  Walker filed his Petition for a writ of habeas corpus (the "Petition") against the Jon Ozmint, Director of SCDC and the Warden of McCormick Correctional Institution.  Walker's *Houston v. Lack* filing date is January 16, 2008,

---

[2]   *See Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988).  Johnson sets forth the procedures for counsel to follow when filing meritless appeals in state PCR cases pursuant to *Anders v. California*, 386 U.S. 738 (1967).  *Contra Pennsylvania v. Finley*, 481 U.S. 551 (1987) (prisoner, who had no equal protection or due process right to appointed counsel in postconviction proceedings, also had no right to insist on *Anders* procedures for withdrawal of appointed counsel when collateral counsel determined direct appeal was frivolous).

as evidenced by the postmark on the envelope containing the Petition. The Respondents agree with the Court that January 16, 2008 is the proper date for *Houston v. Lack* purposes.[3]

In his *pro se* Petition, Walker raised three grounds for relief:

I:   Ineffective Assistance of Counsel.

Supporting Facts.   I would contend that my trial counsel was inept, and constitutionally ineffective for failing to file me a notice of intent to appeal. When I and my girlfriend specifically requested counsel to do so. Attach is a copy of a [notarized] letter of the conversation my girlfriend had with my trial counselor pertaining to him filing my direct appeal

II.   Ineffective Assistance of Counsel.

Supporting Facts:   It was incumbent upon my counsel as my advocate to object to the Prosecutor questioning me at (trial) about why I didn't tell the Police what had happened in the beginning when I had the right to remain silent. This sequence of events was fatal tome at trial, because it mad me look like a liar, and there was no curative instruction to cure the taint.

III.   Ineffective Assistance of Counsel..

Supporting Facts..   Counsel was ineffective for failing to request a jury charge on strong armed robbery as a lesser offense, when asked why he did not request a charge on common law robber, defense counsel said he could not remember. That response was nota valid strategic reason to avoid a finding of ineffectiveness.

(Petition at p. 5).

On February 5, 2008, the undersigned issued an Order which authorized service upon the Respondents and notified Walker of the change of address rule. [6] On March 31, 2008 the Respondents filed a Motion for Summary Judgment [10], a Return and Memorandum of Law in Support of Motion for Summary Judgment (collectively, the "Return") [11], and supporting exhibits.

The undersigned issued an Order filed on April 1, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Walker of the summary judgment dismissal

---

[3]   *See* Respondents' Return at p. 6. In *habeas corpus* cases, the Petitioner has the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the "delivery" date of his Petition.

procedure and the possible consequences if he failed to respond adequately to the Respondents' Return.[4]  [12]  Walker filed his response to the Respondents' Return on April 25, 2008.  [14]

## V.    HABEAS CORPUS REVIEW

### A.  The Antiterrorism and Effective Death Penalty Act

As mentioned earlier, the present habeas corpus Petition was filed on January 16, 2008. Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court's review of his collateral attack on his criminal conviction is governed by the parameters set forth in the AEDPA, which amended Section 2254.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998); *Green v. French*, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999).

### B.  The AEDPA's Statute of Limitations

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).  The one year period begins to run at the "conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  A "properly filed application for State post-conviction relief" tolls the time for filing.  28 U.S.C. § 2244(d)(2).  While state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4 (2000), it does not establish a right to file within one year after completion of collateral review.  *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000) (an inmate does not have one year from the conclusion of state court collateral review; instead, the one year period for filing habeas petition commences upon conclusion of direct review of conviction but is suspended while state PCR

---

[4] The explanation to the *pro se* litigant is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure has been held to apply in federal habeas corpus cases under *Webb v. Garrison*, No. 77-1855 (4th Cir., decided July 6, 1977).

proceedings are pending in any state court); *Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). Nor does the tolling period for state collateral review include the time for filing a petition for certiorari in the United States Supreme Court. *Crawley v. Catoe*, 257 F.3d 395, 399 (4th Cir. 2001) ("neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled under 28 U.S.C. § 2244(d)(2) from the one-year statute of limitations under § 2244(d)(1)"); *see also Carey v. Saffold*, 536 U.S. 214, 220 (2002) (application for state collateral review remains pending during the time to seek further review in the state courts, "until the application has achieved final resolution through the State's post-conviction procedures"[.]). "[T]he one-year limitation period is also subject to equitable tolling in 'those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation against the party.' " *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), *quoting Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

Applying this criteria to the present case, it is clear that Walker did not timely file within the one-year limitations period in § 2244(d)(1)(A). Walker's state court convictions became final ten days after June 28, 2000, since this was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court. *See* Rule 203(b)(2), SCACR. Thus, his convictions became final on July 10, 2000,[5] and he thereafter had one year within which to file a habeas petition.

Walker filed his APCR (01-CP-18-483) on May 1, 2001. App. 185. *See Gary v. State*, 347 S.C. 627, 557 S.E.2d 662 (2001) (mailing of a PCR application does not constitute filing,

---

[5] A review of a calendar for the year 2000 reflects that July 8, 2000, the tenth day after his plea was a Saturday. Therefore, he had until the following Monday, July 10, 2000, to serve his notice of appeal. See Rule 234(a), SCACR ("In computing any period of time prescribed or allowed by these Rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period . . . is to be included, unless it is a Saturday, Sunday or a state or federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday").

for statute of limitations purposes. Rather, application is filed when received by the Clerk of Court). This is two hundred ninety-five (295) days after his conviction became final. The state PCR proceedings concluded when the state supreme court sent the Remittitur to the Dorchester County Clerk of Court on November 5, 2007.

Petitioner's *Houston v. Lack* delivery date for his *pro se* Petition for Writ of Habeas Corpus is January 16, 2008. Thus he did not deliver his Petition for filing until seventy-two (72) days after the state PCR had concluded and three hundred sixty-seven (367) days after his state court conviction became final. Therefore, the Petition is time-barred by § 2244(d)(1)(A).

This action was not filed within the one-year statute of limitations for federal habeas actions, Section 2241(d), and it is recommended that it be dismissed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Respondents' Motion for Summary Judgment **[10] should be granted**.

GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

August 18, 2008

Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).