IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Walker, # 267588 )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Jon Ozmint, Director SCDC, and Warden )<br>of McCormick Correctional Institution, )<br>)<br>Respondents. )<br>_____) | Civil Action No.: 0:08-0241 |

# ORDER

Petitioner, John Walker ("petitioner"), brought this civil action, *pro se*, pursuant to 42 U.S.C. § 2254 on January 28, 2008. (Doc. #1). The respondents filed a Motion for Summary Judgment on March 31, 2008. (Doc. #10). The petitioner filed a Response in Opposition on April 25, 2008. (Doc. #14).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge George C. Kosko to whom this case had previously been assigned. (Doc. #16). In the Report, the Magistrate Judge recommends that the District Court grant the respondents' Motion for Summary Judgment. (Doc. #16). The petitioner filed objections to the report. (Doc. #18). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

> objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court declines to accept the report of the Magistrate Judge based on the statute of limitations analysis. In the Report, the Magistrate Judge notes that the petitioner's post conviction relief proceeding became final on November 5, 2007, when the Supreme Court of South Carolina issued its letter of remittitur. Notably, numerous cases within the District of South Carolina support the use of the date that a letter of remittitur is issued by the state appellate court as the date on which a post conviction relief proceeding becomes final in South Carolina. See Owens v. Hagan, 2007 WL 680335 (D.S.C.), Barfield v. Hagan, 2008 WL 4950655 (D.S.C.), Douglas v. Burtt, 2008 WL 3823871 (D.S.C.), Erwin v. South Carolina, 2008 WL 598130 (D.S.C.). However, the South Carolina opinions addressing the date on which a proceeding becomes final note that the "final disposition of a case occurs when the remittitur is returned by the clerk of the appellate court *and filed in the lower court*." Christy v. Christy, 317 S.C. 145, 151, 452 S.E.2d 1, 4 (Ct. App. 1994)(emphasis added)(citing McDowell v. South Carolina Department of Social Services, 300 S.C. 24, 386 S.E.2d 280 (Ct. App. 1989)). It does not appear that any court has explicitly addressed the issue of whether the date that a post conviction relief proceeding becomes final is the date that the appellate court issues the remittitur, or the date that the lower court files the remittitur. Furthermore, it does not appear to this Court that the date on which the remittitur in this case was filed in the lower court is available in the record of

this proceeding. However, the date stamp on the letter of remittitur appears to indicate, though grainy, that the lower court received the letter of remittitur on November 7, 2008, two days after the letter of remittitur was issued. Based on its review of the record, this Court concludes that any violation of the statute of limitations amounts to no more than two days. Absent clear case law to the contrary, the District Court declines to dismiss the petition on statue of limitations grounds. The case is remanded to the appropriate Magistrate Judge for further consideration of the respondents' Motion for Summary Judgement on the merits, and re-issuance of a Report and Recommendation.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

January 28, 2009
Florence, South Carolina

3